**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dmitry Kruglov,<br><br>   Plaintiff,<br><br>v.<br><br>Unknown Karlinsey, et al.,<br><br>   Defendants. | No. CV-22-00325-TUC-JCH (EJM)<br><br>**ORDER** |

On January 26, 2022, Plaintiff Dmitry Kruglov, proceeding pro se, filed this civil rights action, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,[1] in the United States District Court for the Northern District of New York. (Doc. 1; *see Kruglov v. Karlinsey et al.*, No. 1:22-cv-00072-GTS-CFH (N.D.N.Y filed January 26, 2022). On July 25, 2022, U.S. Magistrate Judge Christian F. Hummel transferred the case to this District, pursuant to 28 U.S.C. § 1404(a), following a determination that venue was improper for Plaintiff's claims. (*See* Doc. 6.) The Complaint was accompanied by a Motion for Leave to Proceed in forma pauperis ("IFP"), originally submitted in the Northern District of New York. (*See* Doc. 2.)

On September 21, 2022, Plaintiff filed a Notice of Appeal regarding Judge Hummel's Order. (*See Kruglov v. Karlinsey et al.*, No. 1:22-cv-00072-GTS-CFH (N.D.N.Y filed July 25, 2022). The Second Circuit has not yet considered the matter. (*See Kruglov v. Karlinsey*, No. 22-2089 (2d Cir. filed September 23, 2022)).

---

[1] 403 U.S. 388 (1971).

In this district, following Plaintiff's failure to complete a Magistrate Election Form as required under LRCiv.3.7(b), this matter was assigned to the undersigned on November 14, 2022. (Doc. 16.) On November 21, 2022, Plaintiff filed a motion requesting permission to allow electronic filing by a party appearing without an attorney. (Doc. 17.) Plaintiff has filed no other motions or pleadings in this case. Nor has Plaintiff served the Summons and Complaint upon the Defendants within the 90 days required by Fed. R. of Civ. P. 4(m). The Court assumes Plaintiff has failed to act or prosecute his case in this district due to his pending appeal. Accordingly, this Court *sua sponte* STAYS this case pending his appeal in the Second Circuit.

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The inherent power to stay includes ordering a stay "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). When determining whether to issue a stay, courts must weigh "competing interests," including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and, (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal citations omitted).

Here, a 60-day stay will promote judicial efficiency until the Second Circuit Court of Appeals affirmatively indicates whether it will assume, or deny, jurisdiction over Plaintiff's appeal. At this stage of the proceedings, and before discovery has begun, a stay limited to 60-days will not significantly prejudice Defendants. Moreover, a 60-day stay will allow Plaintiff to concentrate on his appeal efforts while avoiding piecemeal litigation of identical claims.

///

**IT IS ORDERED STAYING** this matter for a period of **SIXTY (60) DAYS** from the date of this order. Plaintiff is **DIRECTED** to file monthly updates with the Court concerning the status of the appeal, the first being due **30 days** from the date of this order.

**IT IS FURTHER ORDERED DENYING WITHOUT PREJUDICE** Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney and Supporting Information, (Doc. 17), as the case is now stayed.[2]

Dated this 5th day of December, 2022.

_____
Honorable John C. Hinderaker
United States District Judge

---

[2] Moreover, Plaintiff's motion fails to indicate, with specificity, whether he has the equipment and ability to comply with the requirements in the Electronic Case Filing Administrative Policies and Procedures Manual. Electronic Case Filing Administrative Policies and Procedures Manual, U.S. District Court for the District of Arizona, p. 5 (2020), http://www.azd.uscourts.gov/sites/default/files/documents/adm% 20manual.pdf.