**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dmitry Kruglov, | No. CV-22-00325-TUC-JCH (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Karlinsey, et al., | |
| Defendants. | |

This matter is before the Court on its own review. In January 2022, Pro Se Plaintiff initiated this action in the United States District Court for the Northern District of New York. (Doc. 1; *see Kruglov v. Karlinsey et al.*, No. 1:22-cv-00072-GTS-CFH (N.D.N.Y filed January 26, 2022). The 072 case was transferred to the District of Arizona in July 2022, (Doc. 6), given the case number ending in 325, and assigned to the undersigned on November 14, 2022 (Doc. 16). In the interim, Plaintiff filed his Notice of Appeal in his 072 case on September 21, 2022. (*See Kruglov v. Karlinsey et al.*, No. 1:22-cv-00072-GTS-CFH (N.D.N.Y filed July 25, 2022). This Court *sua sponte* issued a 60-day stay on December 5, 2022 based upon Plaintiff's pending appeal in the Second Circuit Court of Appeals. Doc. 18. The Court determined a stay was necessary to promote judicial efficiency until the Second Circuit indicated whether it assumed, or denied, jurisdiction over Plaintiff's appeal. *Id.* at 2. The Court also directed Plaintiff to file monthly updates with the Court regarding the status of his appeal, the first being due January 5, 2023.

The Court intends to dismiss this action for failure to prosecute. Fed. R. Civ. P. 41; LRCiv 41.1 ("Notice must be given to the parties that such action is contemplated, and the parties must be given the opportunity to show cause why such action should not be taken.") In the absence of a motion to dismiss from a party, the Supreme Court has recognized that a district court has the inherent power to dismiss an action *sua sponte* for lack of prosecution. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-33 (1962); *c.f.* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). This inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. It is Plaintiff's duty to prosecute his case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). To determine whether a plaintiff's failure to prosecute warrants dismissal, a court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, there are several concerns demonstrating Plaintiff's failure to prosecute. First, Plaintiff has failed to update the Court regarding the status of his appeal in the Second Circuit. Second, no pleadings, notices, status updates, or other documents have been filed since November 2022. Over a year has elapsed since Plaintiff first initiated this action. Third, it appears Plaintiff has failed to notify the Court regarding his change of address. *See* Docs. 19, 20 (noting mail returned as undeliverable). The Rules of Practice of the United States District Court, District of Arizona provide:

> [a]n attorney or unrepresented party must file a notice of a name or address change, and an attorney must also file a notice of a change of firm name or e-mail address. The notice must be filed no later than fourteen (14) days before the effective date of the change, except that an unrepresented party who is incarcerated must submit a notice within seven (7) days after the

     effective date of the change. A separate notice must be filed in each active case.

LRCiv 83.3(d). Therefore, it is Plaintiff's duty to "keep[ ] the Court apprised of any changes in his mailing address[,]" and failure to do so constitutes failure to prosecute. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

     **IT IS ORDERED** that **on or before March 13, 2023**, Plaintiff must file written notice demonstrating good cause why this action should not be dismissed without prejudice for (1) failure to prosecute; (2) failure to follow this Court's Order to provide status updates; and (3) failure to notify the Court of Plaintiff's change of address. Failure to show cause by that date may result in dismissal of this action.

     Dated this 27th day of February, 2023.

_____
Honorable John C. Hinderaker
United States District Judge