**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dmitry Kruglov, | No. CV-22-00325-TUC-JCH (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Karlinsey, et al., | |
| Defendants. | |

On March 1, 2023, this Court issued an Order to Show Cause directing Plaintiff to submit written notice demonstrating good cause why this action should not be dismissed without prejudice for (1) failure to prosecute; (2) failure to follow this Court's Order to provide status updates; and (3) failure to notify the Court of his change of address. Doc. 21. The time to comply with the Court's Order to Show Cause expired on March 13, 2023. *Id.* On the same date, the Court's Order to Show Cause was returned to the Court as undeliverable. Doc. 22.

Rule 41(b) allows a court to dismiss an action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (a court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil

procedure or the court's orders). Dismissal for failure to prosecute, however, is a "harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Before dismissing Plaintiff's case, the Court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Id.* Additionally, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay," but the district court "is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Henderson*, 779 F.2d at 1423.

Here, most of the *Henderson* factors favor dismissal. The first factor, "the public's interest in expeditious resolution of litigation," favors dismissal because over a year has elapsed since Plaintiff first initiated this action and no pleadings, notices, status updates, or other documents have been filed since November 2022.

The second factor, "the court's need to manage its docket," also favors dismissal because the Court has expended judicial resources to review the docket and has issued orders staying the case with respect to Plaintiff's unknown appeal status and addressing Plaintiff's failure to prosecute his case. *See* Docs. 18, 21. Moreover, the action was referred for a Report and Recommendation, and its likely the Magistrate Judge has also expended judicial resources to review the docket.

The third factor, "the risk of prejudice to the defendants," neither favors nor disfavors dismissal. Because the Court raised this issue *sua sponte*, neither party has weighed in on whether the defendants have suffered prejudice, and the Court has no reason to believe any prejudice exists. The Court notes, however, that "[u]nreasonable delay [by the Plaintiff] creates a presumption of injury to the defense." *Henderson*, 779 F.2d at 1423.

The fourth factor, "public policy favoring disposition of cases on their merits," neither favors nor disfavors dismissal. Dismissal without prejudice will not adjudicate the claims on their merits and will not preclude Plaintiff from prosecuting his claims later, if

he so desires. As such, dismissal will not be averse to public policy favoring disposition of cases on their merits.

Lastly, the fifth factor, the "availability of less drastic sanctions," favors dismissal. The Court explicitly warned Plaintiff that failing to prosecute his case could result in dismissal. Doc. 21 at 3. The Court previously issued an Order to Show Cause for Plaintiff's failure to comply with LRCiv. 3.7(b), to which Plaintiff failed to timely respond. *See* Docs. 12, 13, 14. A less drastic sanction, such as an additional warning, is unlikely to have any effect on Plaintiff. Accordingly,

**IT IS ORDERED WITHDRAWING** the Court's referral of this matter to Magistrate Judge Eric J Markovich. Doc. 16.

**IT IS FURTHER ORDERED DISMISSING WITHOUT PREJUDICE** Plaintiff's case for failure to prosecute.

Dated this 15th day of March, 2023.

Honorable John C. Hinderaker
United States District Judge